<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ROBERT BROWNING,<br><br>    Plaintiff,<br><br>    v.<br><br>JUDGE JOHN YOUNG,<br><br>    Defendant. | Case No. 2:21-cv-14578 (BRM) (AME)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is *pro se* Plaintiff Robert Browning's ("Browning") Application to Proceed *In Forma Pauperis* (ECF No. 1-2) and his Complaint against Judge John Young (ECF No. 1). This is Browning's third lawsuit arising out of his pleading guilty to an aggravated assault charge on January 28, 2013. *See also Browning v. Supreme Court of NJ Stuart Rabner*, Civ. A. No. 19-12212 (D.N.J. May. 6, 2019) ("*Browning I*"); B*rowning v. Grant*, Civ. A. No. 20-01587 (D.N.J. Feb. 13, 2020) ("*Browning II*"). Having reviewed Plaintiff's filings, for the reasons set forth below and for good cause appearing, Plaintiff's Application to Proceed *In Forma Pauperis* is **GRANTED** and his Complaint is **DISMISSED WITH PREJUDICE.**

**I. BACKGROUND**

In *Browning I*, Browning's May 6, 2019 Complaint named the "Supreme Court of New Jersey Stuart Rabner" as a defendant. *Browning I*, at (ECF No. 1). In the Complaint, Browning admitted to "plead[ing] guilty to one count of third-degree felony assault." *Id.* at (ECF No. 1 at 4). He alleged "[t]he New Jersey Court System rejected [his] application for post conviction relief,"

and the relief he sought was a new trial. *Id.* The Complaint was dismissed without prejudice. *Id.* at (ECF No. 2).

In *Browning II*, Browning's February 13, 2020 Complaint alleged the same facts and named Chief Justice Rabner, Acting Administrative Director of the New Jersey Courts Glenn A. Grant, and Presiding Judge of Administration for the Appellate Division of the Superior Court of New Jersey Carmen Messano as defendants. *Browning II*, at (ECF No. 1). Browning alleged his accusers sued him and won a civil judgment. (*Id.* at 4.) After this Court dismissed his Complaint without prejudice, *id.* at (ECF No. 3), Browning appealed, *id.* at (ECF No. 4, 6). The Third Circuit affirmed this Court's decision. *Browning v. Grant*, 828 F. App'x 822 (3d Cir. 2020).

Here, in Browning's August 3, 2021 Complaint, based on his 2013 guilty plea, Browning names "Judge John Young" who is a "Judge of the Superior Court on New Jersey" as a defendant. (ECF No. 1.) He challenges Judge Young's refusal "to vacate my judgement of conviction" (*id.* at 4) and seeks to have his "plea vacated and a trial" in order to avoid the civil judgment entered against him (*id.* at 5).

## II.   LEGAL STANDARD

Under the Prison Litigation Reform Act ("PLRA"), district courts are required to review civil actions in which a litigant proceeds *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2)(B); *Stamos v. New Jersey*, Civ. A. No. 095828 (PGS), 2010 WL 457727, at *2 (D.N.J. Feb. 2, 2010), *aff'd*, 396 F. App'x 894 (3d Cir. 2010) (applying § 1915 to nonprisoners). When reviewing such actions, the PLRA instructs courts to dismiss cases that are at any time frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune. *Id*. "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil

Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

When a plaintiff is proceeding *in forma pauperis*, the applicable provisions of the PLRA apply to the screening of that Complaint. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. In order to survive a dismissal for failure to state a claim, a complaint must allege "sufficient factual matter to show that the claim is facially plausible." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (internal quotation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Furthermore, while *pro se* pleadings are liberally construed, they "still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). All pleadings are likewise required to meet the pleading requirements of Federal Rule of Civil Procedure 8 (requiring, as to complaints, "a short and plain statement of the grounds for the court's jurisdiction," "a short and plain statement of the claim showing that the pleader is entitled to relief," and "a demand for the relief sought"). *Kanter v. Barella*, 489 F.3d 170, 177 (3d Cir. 2007) (noting the complaint must "provide the opponent with fair notice of a claim and the grounds on which that claim is based").

While, as a general rule, the court may not consider anything beyond the four corners of the complaint on a motion to dismiss pursuant to Rule 12(b)(6), the Third Circuit has held that "a court may consider certain narrowly defined types of material without converting the motion to

dismiss to a summary judgment motion, including items that are integral to or explicitly relied upon in the complaint." *Coulter v. Doerr*, 486 F. App'x 227, 228 (3d Cir. 2012) (citing *In re Rockefeller Ctr. Props. Sec. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999)).

### III. DECISION

This Court is convinced that Browning is unable to pay the court costs and filing fees. (ECF No. 1, at 4.) Accordingly, Browning's application to proceed *in forma pauperis* is **GRANTED**.

Consequently, the Court must screen Browning's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court acknowledges Browning's *pro se* status, and, therefore, liberally construes his Complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2017).

Browning seeks to compel Judge Young to "vacate [Browning's] judgement[sic] of conviction." (ECF No. 1 at 4.) "In any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. Browning is not alleging a declaratory decree was violated or that declaratory relief is unavailable, and because the injunctive relief sought by Browning does not address the actions of Judge Young other than in his judicial capacity, Browning's claim for injunctive relief is barred. *See Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (per curiam).

Because Browning is seeking to vacate his underlying conviction, this Court will liberally construe the Complaint as a habeas corpus petition. *Browning*, 828 F. App'x at 823 ("Any request that a federal court overturn a state-court conviction must be brought in a habeas corpus petition . . . ."). However, his challenge to the conviction is foreclosed by his 2013 guilty plea. (ECF No. 1, at 4); *see also Browning I* at (ECF No. 1 at 4); *Browning II* at (ECF No. 1 at 4). A "knowing, intelligent, and voluntary guilty plea 'represents a break in the chain of events which has preceded

it in the criminal process.'" *Boyd v. Warden, State Corr. Inst. Waymart*, 579 F.3d 330, 371 (3d Cir. 2009) (quoting *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). That is, once Browning "pleaded guilty, he forfeited his ability to challenge any constitutional deficiency that came before that plea — provided, of course, that the plea was validly entered." *Boyd*, 579 F.3d at 371. Browning's admission that he "weigh[ed] the risk of trial" (ECF No. 1 at 4) demonstrates he accepted the guilty plea intelligently and voluntarily.

Finally, Browning takes issue with him having a civil judgment entered against him by his accusers. (ECF No. 1, at 4); *see also Browning* II at (ECF No. 1, at 4). However, under New Jersey law, "[a] defendant's right to be informed of the consequences of a plea "extends only to those consequences that are 'direct,' or 'penal,' not to those that are 'collateral'." *Eaton v. Eaton*, 119 N.J. 628, 645 (N.J. 1990). In other words, Browning's challenge regarding not being informed of "possibility of use of the guilty plea in a subsequent civil suit" has no basis in law. *Eaton*, 119 N.J. at 645.

IV.   **CONCLUSION**

For the reasons set forth above, Browning's Application to *Proceed In Forma Pauperis* is **GRANTED** and the Complaint is **DISMISSED WITH PREJUDICE**.[1]

**Date:** December 15, 2021                          */s/ Brian R. Martinotti*
                                                     **HON. BRIAN R. MARTINOTTI**
                                                     **UNITED STATES DISTRICT JUDGE**

---

[1] While the Court will not conclude Browning is a vexatious litigant and prohibit him from submitting any subsequent filings relating to his suit, *In re Packer Ave. Assocs.*, 884 F.2d 745, 747 (3d Cir. 1989) (explaining district courts are authorized "to issue injunctions restricting the filing of meritless pleadings by litigants where the pleadings raise issues identical or similar to those that have already been adjudicated"), the Court cannot allow Browning to continue to pursue inarguable claims. *See Grayson v. Mayview State Hosp*, 293 F.3d 103, 114 (3d Cir. 2002) (recognizing long tradition of denying leave to amend under Rule 15(a) when amendment is inequitable or futile, and this tradition applies to *in forma pauperis* plaintiffs). Therefore, Browning's Complaint is dismissed with prejudice.